AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of Kansas

FILED
U.S. District Court
District of Kansas

AUG 29 2019

Clerk, U.S. District Court
By _____ Deputy Clerk

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

Information Associated with SNAPCHAT Display Name: Take Risk And Prosper; Username: youngserious17 that is stored at premises controlled by SNAPCHAT INC.

Case No. 19-6140-GEB

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*
See Attachment A.

located in the _____ District of ___Kansas___, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841 | drug trafficking |
| 18 U.S.C. § 922 | possession of firearms by prohibited persons |
| 18 U.S.C. § 924(c) | possession of a firearm in furtherance of a drug trafficking crime |

The application is based on these facts:
See attached, Affidavit in Support of Application for Search Warrant.

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____ 5536  SA/ATF
Applicant's signature

Aaron L. Chaffee, ATF Special Agent
Printed name and title

Sworn to before me and signed in my presence.

Date: 8/29/19 @ 11:07 am

_____
Judge's signature

City and state: Wichita, KS

Gwynne E. Birzer, U.S. Magistrate Judge
Printed name and title

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH **SNAPCHAT USER NAMES:** **Display Name: Take Risk And Prosper** **Username: youngserious17** THAT IS STORED AT PREMISES CONTROLLED BY SNAPCHAT INC. | |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Aaron L. Chaffee, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. Affiant has been employed as a Special Agent of the ATF since January 2015. Affiant is currently assigned to the Wichita Field Office in Wichita, KS. As a Special Agent with ATF, affiant attended the Federal Law Enforcement Training Center's Criminal Investigator Training Program and ATF Special Agent Basic Training. Prior to being employed by ATF, affiant was employed by the Wichita Police Department ("WPD"), affiant was employed as a Special Community Action Team officer ("SCAT") and a Gang Intelligence Officer, that specialized in violent crime and drug related investigations. As a Special Agent with ATF and/or WPD, affiant has received training in arson, explosives, firearms, tobacco, violent crime, gang related investigation and drug trafficking investigations. As a Special Agent with ATF and/or WPD, affiant has conducted and/or participated in investigations involving, explosives, firearms, controlled substances, and

violent crimes. Affiant has utilized confidential informants to obtain information and evidence, conducted thousands of interviews of suspects and witnesses, written and executed both federal and state search warrants, and written and executed state arrest warrants. Affiant has conducted and/or participated in investigations resulting in the seizure of contraband, currency, vehicles, and other evidentiary items related to drug and violent crime investigations. Throughout those investigations, I have become familiar with how computers and social media are used throughout the "criminal world". I have become aware that information stored by social media companies on behalf of its subscribers and users can assist law enforcement in criminal investigations.

2. I make this affidavit in support of an application for a search warrant for information associated with certain Snapchat usernames that are stored at premises owned, maintained, controlled, or operated by Snapchat Inc. ("Snapchat"), a social networking company headquartered in Venice, CA. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Snapchat to disclose to the government records and other information in its possession, pertaining to the subscriber or customer associated with the user ID's. The information to be disclosed by Snapchat is described in Attachment A, which will be searched by law enforcement for the information described in Attachment B.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

**PROBABLE CAUSE**

4. From speaking with agents and investigators involved in this investigation, from reviewing written reports regarding this investigation, and from my personal involvement in this investigation, affiant knows the following:

   a. While investigating Deadrian JOHNSON's involvement in selling marijuana and/or ecstasy, on or around May 22, 2019, your affiant learned Deadrian JOHNSON posted a photograph advertising marijuana and ecstasy for sale on his Snapchat account. Conversation was established with Deadrian JOHNSON and an ATF Undercover (UC) via Snapchat. Your affiant learned from the ATF UC that a deal was made with Deadrian JOHNSON to sell the ATF UC a half ounce of marijuana and five ecstasy pills. The deal was made using Snapchat. The ATF UC and Deadrian JOHNSON made arrangements to meet and complete the deal, but Adrian JOHNSON never showed.

   b. On or around May 27, 2019, your affiant learned from the ATF UC Deadrian JOHNSON called apologizing for not showing to the previously arranged marijuana and ecstasy deal and encouraged the ATF UC to deal with him in the future.

   c. On or around May 28, 2019, your affiant was monitoring Deadrian JOHNSON's Snapchat and observed another post encouraging observers to purchase drugs from him.

   d. While arranging the aforementioned deals your affiant learned that Deadrian JOHNSON uses the Snap Profile:

3

      i. Display Name, **Task Risk And Prosper** ; Username, **youngserious17**

e. Your affiant conducted a criminal history query and learned Deadrian JOHNSON is currently on federal probation for being in possession of a firearm while being a drug user.

f. Your affiant knows Deadrian JOHNSON and his associates regularly communicate, share posts, comments, "likes" and are posting photographs/videos with each other utilizing social media, such as Snap. Your affiant has conducted investigations where individuals advertised, arranged and conducted business, including but not limited to, selling drugs and/or firearms using social media platforms such as Facebook and Snapchat. Through this investigation, it was common for individuals to take photographs and/or videos of aforementioned items to assist in conducting business.

5. Based on my training and experience, and the facts as set forth in this affidavit, there is probable cause to believe that evidence of possession with intent to distribute and distribution of a controlled substance, in violation 21 U.S.C. § 841(a)(1), will be found in "Snapchat". The facts in this affidavit come from my personal observations, my training and experience, and information obtained from special agents, other law enforcement officers, and witnesses. From these things, I have learned that:

   a. Individuals involved in firearm and drug distribution commonly use cellular telephones, "smart phones", desktop and notebook computers, and/or other similar electronic devices, to produce and/or display their illicit activities;

4

b. On such devices, these individuals are known to access and post to social media platforms such as Snapchat, Facebook, YouTube, Twitter, Instagram, etc. to promote their illicit lifestyle.

c. These postings are an attempt to further their criminal influence by highlighting their fearless attitude, willingness to use violence, and overall availability of firearms and drugs, which are made much more efficient and far reaching through social media systems.

d. Firearm and drug traffickers also utilize Snapchat programs and functions to communicate about their various criminal activities.

### TECHNICAL BACKGROUND RELATING TO SNAPCHAT

6. Snapchat utilizes "Snaps", this is when a user takes a photo or video using their camera phone in real-time and then selects which of their friends to send the message to. Unless the sender or recipient opts to save the photo or video, the message will be deleted from their devices (after the content is sent in the case of the sender and after it's opened in the case of the recipient). Users are able to save a photo or video they've taken locally to their device or to "Memories", which is Snapchat's cloud-storage service.

7. Snapchat utilizes "Stories", which a user can add photo or video "Snaps" to their "Story". Depending on the user's privacy setting, the photos and videos added to a "Story" can be viewed by either all Snapchatters or just the user's friends for up to 24 hours. "Stories" can be saved in "Memories". A user can also edit and send "Snaps" and create "Stories" from these "Memories". "Snaps", "Stories", and other photos and videos saved in "Memories" are backed up by Snapchat and may remain in "Memories" until deleted by the user.

5

8. Snapchat utilizes "Memories", which is Snapchat's cloud-storage service. Users can save their sent or unsent "Snaps", posted "Stories", and photos and videos from their phone's photo gallery in "Memories". A user can also edit and send "Snaps" and create "Stories" from these "Memories". "Snaps", "Stories", and other photos and videos saved in "Memories" are backed up by Snapchat and may remain in "Memories" until deleted by the user.

9. Snapchat utilizes "Chat", which a user can also types messages, send photos, videos audio notes, and video notes to friends with the Snapchat app using the "Chat" feature. A user sends a "Chat" message to a friend, and once it is viewed by both parties – and both parties swipe away from the "Chat" screen – the message will be cleared. Within the Snapchat app itself, a user can opt to save part of the "Chat" by tapping on the message that they want to keep. The user can clear the message by tapping it again.

### INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED

10. I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A), by using the warrant to require Snapchat to disclose to the government copies of the records and other information (including the content of communications) particularly described in Attachment B. Upon receipt of the information described in Attachment B, government-authorized persons will review that information to locate the items described in Attachment B.

## CONCLUSION

11. Based on my training and experience, and the facts as set forth in this affidavit, there is probable cause to believe that evidence of possession with intent to distribute and distribution of a controlled substance in violation 21 U.S.C. § 841(a)(1), accordingly, a search warrant is requested.

12. This Court has jurisdiction to issue the request warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C 2711, 18 U.S.C. 2703(a), 2703(b)(1)(A) and 2703(C)(1)(A). Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated.

13. Pursuant to 18 U.S.C. 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

_____ 5536 SA/ATF
AARON L. CHAFFEE
ATF Special Agent

Subscribed and sworn to before me on the 29 day of August, 2019:

_____
GWYNNE E. BIRZER
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF KANSAS

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information associated with the Snapchat username

**Display Name: Take Risk And Prosper**

**Username: youngserious17**

that is stored at premises owned, maintained, controlled, or operated by Snapchat Inc., a company headquartered in, Venice, California.

# ATTACHMENT B

## Particular Things to be Seized

**I.  Information to be disclosed by Snapchat:**

To the extent that the information described in Attachment A is within the possession, custody, or control of Snapchat Inc. ("Snapchat"), including any messages, records, files, logs, or information that have been deleted but are still available to Snapchat, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Snapchat is required to disclose the following information to the government for the user ID listed in Attachment A:

(a)  All subscriber information, including but not limited to: names; email addresses; screen names; addresses; detailed billing records of session times and durations; length of service (including start date) and types of service utilized; telephone or instrument number or other subscriber number or identity, including any temporarily assigned network address; and the means and source of payment for such service (including any credit card or bank account number); and date of birth.

(b)  For the period of May 1, 2019, to July 1, 2019, all transactional information, including: logs of Internet Protocol address connections, including dates, times and time zones, and any ANI information made available to Snapchat; address books; Friend Listing, with Friends Snapchat ID's, Group listings, with Snapchat Group ID's; and account history, including contacts with Snapchat support services and records of actions taken online by the subscriber or by Snapchat support staff in connection with the service, any contents and/or posts on the "wall" of the Snapchat account, including but not limited to pictures and status updates.

(c)  For the period of May 1, 2019 to July 1, 2019, the contents of electronic or wire communications held in accounts of the persons assigned the screen names identified in Attachment A, including: all electronic or wire communications (including email text, attachments, and embedded files) in electronic storage by Snapchat, or held by Snapchat as a remote computing service, within the means of the Stored Communications Act; all photos in Photoprint, files, data or information in whatever form and by whatever means they have been created or stored; and all World-Wide Web profiles or homepages.